UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---

In re:

MD A Kashem

Debtor(s).

APPLICATION

CASE #: 1-19-40024-cec
CHAPTER 7

---

### AFFIRMATION IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY PURSUANT TO SECTION 362(D) OF THE BANKRUPTCY CODE

To: Honorable Carla E. Craig
U.S. Bankruptcy Judge

Aleksandra K. Fugate, an attorney duly admitted to practice law in this court, affirms the following to be true, under penalties of perjury:

1. I am an associate of Woods Oviatt Gilman, LLP, attorneys for Wells Fargo Bank, N.A. as servicing agent for HSBC Bank USA, National Association as Trustee for Nomura Asset Acceptance Corporation, Mortgage Pass-Through Certificates, Series 2005-AP3 ("Secured Creditor"). I am fully familiar with the facts of this case and submit this affirmation in support of the Secured Creditor's request for an order terminating the automatic stay as it pertains to the premises located at 168-46 89th Avenue, Jamaica, NY 11432 (the "Subject Property") pursuant to Section 362(d) of the United States Bankruptcy Code.

2. Secured Creditor is the holder of a Note executed by MD A. Kashem ("Debtor") in the original amount of $368,000.00 ("Note"), secured by a mortgage, executed by Debtor and Mohammed M. Hossain, which was recorded in the Office of the City Register of the City of New York on March 4, 2005 at CRFN# 2005000130395 ("Mortgage") covering the premises commonly known as 168-46 89th Avenue, Jamaica, NY 11432 (the "Subject Property"). Said Mortgage was assigned by an Assignment of Mortgage executed on July 29, 2011 and recorded in the Office of the

8. On or about December 7, 2018, the Secured Creditor obtained a Broker's Price Opinion of the Subject Property. The Broker's Price Opinion estimates the fair market value of the Subject Property to be $660,000.00. Consequently, the estimated cost of sale of the Subject Property is $66,000.00 which would result in no equity. A copy of the Broker's Price Opinion is annexed hereto as Exhibit "C".

9. Section 362(1) of the Bankruptcy Code Provides in pertinent part that the Court shall grant relief from the stay imposed by Section 362(a) "for cause, including lack of adequate protection of an interest in property...." As set forth above, cause exists to vacate the automatic stay as the Debtor and Mohammed M. Hossain have failed to make monthly mortgage payments to the Secured Creditor and there exists no equity in the Subject Property.

10. Secured Creditor will account to the trustee for any surplus received as a result of its foreclosure of the Subject Property.

11. Secured Creditor respectfully requests that the automatic stay be vacated, that the Court permits the trustee to abandon the Subject Property.

12. A copy of the proposed Order granting relief is annexed hereto as Exhibit "D". No prior application has been made for the relief requested herein.

[This space intentionally left blank.]

**WHEREFORE**, Secured Creditor respectfully requests that this Court enter an Order lifting and vacating the automatic stay to permit Secured Creditor to foreclose its Mortgage on the Subject Property and further relief as the Court deems just and proper.

DATED: February 22, 2019
Rochester, New York

/s/ *Aleksandra K. Fugate, Esq.*
WOODS OVIATT GILMAN LLP
Aleksandra K. Fugate, Esq.
Attorneys for Secured Creditor
700 Crossroads Building
2 State Street
Rochester, New York 14614
Telephone: 855-227-5072

{6916059:5} 20190013